940

## KNIGHT v. UNITED STATES.

### No. 12670.

Circuit Court of Appeals, Eighth Circuit.

Oct. 6, 1943.

Carlos W. Goltz, of Sioux City, Iowa (appointed by the Court), for appellant.

Tobias E. Diamond, U. S. Atty., of Sheldon, Iowa, and Wm. B. Danforth, Asst. U. S. Atty., of Sioux City, Iowa, for appellee.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

SANBORN, Circuit Judge.

This appeal (in forma pauperis) is from a judgment dismissing the petition of the appellant to vacate and set aside sentences imposed upon him by the court below upon his pleas of guilty to two indictments, one of which charged him with the kidnapping and transportation in interstate commerce of Gene Mullin, and the other with the kidnapping and transportation in interstate commerce of Ernest Newman, in violation of § 408a, Title 18 U.S.C.A.' The indictments were filed June 1, 1935. The appellant was arraigned the same day. The record of the Clerk of the District Court recites that the appellant appeared in person and by attorney, and entered a plea of guilty to each indictment. Sentences were imposed on June 4, 1935, and commitments issued. There were no appeals from the judgments, and no motion was made during the term at which they were entered to withdraw the pleas of guilty or to vacate or modify the sentences. Subsequently the appellant petitioned the District Court of the United States for the District of Kansas for a writ of habeas corpus. In that proceeding he asserted that the indictments were fatally defective. His petition for habeas corpus was denied, and the judgment denying it was affirmed. Knight v. Hudspeth, 10 Cir., 112 F.2d. 137.

On March 4, 1943, almost eight years after the imposition of the sentences now challenged, the appellant filed his petition in the court below to vacate them upon the following grounds: (1) That the indictments failed to charge offenses; (2) that the appellant was not informed of the nature of the charges against him; and (3) that he was denied the assistance of counsel in that the attorney who appeared for him upon his arraignment and entered pleas of guilty on his behalf was not retained by him and acted without his consent. The Government filed an answer denying the material allegations of the appellant's petition, and a trial of the issues was had, at which the appellant was produced and testified.

The substance of the appellant's direct evidence was that, while he had been informed by an officer of the United States that he was charged with kidnapping, he was not informed as to the contents of the indictments at the time he was arraigned, and never saw the indictments until he

had been in the penitentiary three and a half years; that at the time of arraignment, one of the District Attorneys started to read the indictments, and the court asked if the appellant was represented by counsel; that the attorney who represented a co-defendant but had expressly declined to represent the appellant because he was unable to pay a fee, stated to the court that he (the attorney) was counsel for the appellant; that the appellant then told this attorney, "I don't know what to do", and, "I don't know what I am going to do"; that he (the attorney) "just started back and walked over and pled me guilty to both charges"; that the appellant did not say anything to the court and did not know he could say anything; that on June 4, 1935, when he was sentenced, the court asked him if he had anything to say, but he did not say anything because he did not know what to say; that he did not tell the court about the attorney "because I didn't know how to approach it to tell him [the court] what had happened."

On cross-examination, the appellant testified that he was arrested by agents of the Federal Bureau of Investigation in Minneapolis March 26, 1935, and taken before a Federal Judge in that City, who merely asked him if he would waive extradition proceedings, without informing him of the contents of the indictments; that he did waive such proceedings and was taken to Iowa a few days later; that he had previously been in court charged with minor offenses; that he gave a statement to an agent of the Federal Bureau of Investigation, in the presence of the Sheriff of Woodbury County, Iowa, a deputy sheriff, and an agent of the Iowa Bureau of Investigation; that the statement produced and shown to him by the Government bore his initials and the signature was his, but that he "never did read it"; that the officers to whom the statement was given discussed with the appellant, at the time the statement was made, the kidnapping of Ernest Newman and the kidnapping of Gene Mullin. The statement signed by the appellant was a detailed confession by him of his participation in thefts of automobiles and in armed robberies, including the robbery of a bank messenger, Ernest Newman, who was kidnapped on February 3, 1935, at Sioux City, Iowa, by the appellant and his associates and transported by them from that City to the vicinity of Fort Snelling, Minnesota, in a stolen automobile. The statement also contains the confession of the appellant of his participation in the theft of an automobile from a garage in Omaha and the kidnapping of the night man, whose name was Gene Mullin, and his transportation from Omaha, Nebraska, to a point near Sioux City, Iowa.

The Government's witnesses consisted of the attorney who represented the appellant at the time of his arraignment and also when he was sentenced, the former Sheriff of Woodbury County, Iowa, who was present at the time the appellant made and signed his confession, and E. G. Dunn, who was United States Attorney for the Northern District of Iowa at the time the appellant was indicted, arraigned and sentenced. It is not necessary to detail their testimony. It is sufficient to say that it tended to disprove the appellant's assertions that he was not competently represented by counsel of his own choosing and that he was ignorant of the charges contained in the indictments.

The District Court found that the appellant had had the assistance of counsel, that he (the appellant) knew the nature of the charges contained in the indictments, that the indictments were valid, and that the judgments and sentences were valid.

 Assuming, without deciding or even intimating, that the court below could, after eight years, vacate, modify, or disturb the judgments upon the grounds asserted by the appellant (see Gilmore v. United States, 8 Cir., 131 F.2d 873; MacDonald v. United States, 8 Cir., 136 F.2d 482), we have no doubt that the court correctly determined the issues which were tried. It is quite apparent, from the appellant's own evidence and admissions, that he knew the nature of the offenses charged, although he may not have known the exact language in which they were stated. His criticism of the indictments we regard as entirely without merit. He contends that each is fatally defective because it fails to allege a transportation in interstate commerce of a person "held for ransom or reward or otherwise". With respect to the Mullin kidnapping, the indictment charged that Mullin was "unlawfully seized, kidnapped, abducted, carried away and unlawfully held by the said Charles H. Knight and Cavanall Douglas Hoover at the time they so transported the said Gene Mullin in interstate com-

merce as aforesaid; all in violation of the Act of Congress in Title 18, Section 408a of the United States Code and amendments thereto" [18 U.S.C.A. § 408a]. The indictment relative to the Newman kidnapping (except as to the names of codefendants) contained similar language.

Each of these indictments is valid. In Hewitt v. United States, 8 Cir., 110 F.2d 1, 6, this Court, in sustaining an indictment against criticism comparable to that levelled at the indictments in the instant case, said: "The sufficiency of an indictment should be judged by practical, and not by technical, considerations. It is nothing but the formal charge upon which an accused is brought to trial. An indictment which fairly informs the accused of the charge which he is required to meet and which is sufficiently specific to avoid the danger of his again being prosecuted for the same offense should be held good." The appellant was under no illusions as to what he was charged with, and the addition of the words which he asserts should have been included in the indictment would have been a pure formality. See 18 U.S.C.A. § 556.

■ The judgment appealed from is affirmed upon the merits, as well as upon the ground that the petition was out of time. Gilmore v. United States, supra; MacDonald v. United States, supra.