**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles PILE and Wilbur Eugene Higgins, Defendants-Appellants.**

**No. 12260.**

United States Court of Appeals Seventh Circuit.

June 26, 1958.

Rehearing Denied July 28, 1958.

Thurman M. De Moss, Elba L. Branigin, Jr., Franklin, Ind., for appellants.

Don A. Tabbert, U. S. Atty., John C. Vandivier, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

Appellants, Charles Pile and Wilbur Eugene Higgins, were tried and convicted on a charge of having in their possession fifty-six cases of alcoholic liquors, part of an interstate shipment which had been stolen from a motor truck carrier, in violation of 18 U.S.C.A. § 659, and each was sentenced by the trial court to be imprisoned for a period of two years. Error is alleged on this appeal in the failure of the district court to grant appellant Pile's motion for dismissal and appellants' joint motion for acquittal.

It is Pile's position that his rights under the Fifth Amendment to the Constitution of the United States were violated by the insistence of government attorneys in requiring him to testify before the Grand Jury of the United States District Court, Southern District of Indiana, Indianapolis Division, which was at that time inquiring into a matter of which he was the subject of investigation and for which he might be indicted. Pile was subpoenaed to appear before the grand jury August 14, 1957. He appeared on that date and was requested by the government attorney to sign a waiver of immunity from prosecution.[1] On advice of counsel he refused to sign the waiver and was thereafter called into the grand jury room, sworn as a witness and questioned. It has been stipulated by the government that questions were asked the answers to which could have related to allegations contained in the indictment later returned by the grand jury against appellants on August 20, 1957.

The record does not indicate whether the grand jury was advised of Pile's refusal to execute the waiver of immunity.[2]

---

1. The waiver provided as follows: "I, Charles Pile, do hereby voluntarily request to appear before the Grand Jurors of the United States of America within and for the Southern District of Indiana, and do hereby voluntarily waive immunity from prosecution for any offense which shall be disclosed or indicated by me in so appearing and testifying or by any testimony which I may give or by any testimony or statements I may make in the presence of the Grand Jurors."

2. Government attorneys could not recall whether this information had been passed on to the grand jury. The secretary

It is admitted that Pile was advised of his rights against self-incrimination under the Fifth Amendment, but that he was not asked whether he was invoking the privilege of the Fifth Amendment not to testify.[3] Government counsel testified that he was aware that Pile might later be indicted and that he was the subject of investigation at the time he was subpoenaed to testify.

 It is well-settled that a proceeding before a grand jury is a "criminal case" within the meaning of the Fifth Amendment. Counselman v. Hitchcock, 1892, 142 U.S. 547, 562, 12 S.Ct. 195, 35 L.Ed. 1110. It is equally well-established that the guarantee against self-incrimination does not preclude a witness from testifying voluntarily about matters which may incriminate him. United States v. Monia, 1943, 317 U.S. 424, 427, 63 S.Ct. 409, 87 L.Ed. 376; United States v. Hirsch, 2 Cir., 1934, 74 F.2d 215, 219, and cases cited. If a witness before a grand jury desires the protection of the privilege, he must claim it or he will not be considered to have been compelled to testify within the meaning of the Amendment. United States v. Monia, supra. Further, the privilege, unless invoked, must be deemed waived. Rogers v. United States, 1951, 340 U.S. 367, 371, 71 S.Ct. 438, 95 L.Ed. 344; United States v. Murdock, 1931, 284 U.S. 141, 148, 52 S.Ct. 63, 76 L.Ed. 210; United States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560.

Appellant Pile contends that his refusal to execute the written waiver was notification to the government that he was availing himself of his privilege against self-incrimination and, that the government, having been so notified, but persisting in bringing him before the grand jury, in effect, compelled him to testify against himself. He urges that the grand jury knew and was reasonably expected to understand that he was attempting to invoke his constitutional privilege; and that it wrongfully rejected his claim without asking him if he were, in fact, invoking the privilege.

The cases cited by Pile do not support his position. Quinn v. United States, 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964, and Emspak v. United States, 1955, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 are companion cases going to the question of whether the witnesses there involved properly invoked the privilege by basing *their refusal* to answer questions propounded by a House Committee on "the first amendment to the Constitution supplemented by the fifth amendment." The Supreme Court in those cases held that, although the claims were ambiguous, the privilege was properly invoked, and that it was then open for the committee to inquire into the nature of the claims made before making a ruling. Emspak v. United States, supra, 349 U.S. at page 195, 75 S.Ct. at page 690.

 In the instant case, the refusal to sign the waiver of immunity was not such a refusal to testify as would properly invoke the privilege. There is no evidence that the grand jury even knew of this refusal to sign the waiver. The witness could not refuse to testify in any event unless asked specific questions which he believed might incriminate him, and it appears that he did not refuse answers to any of the questions asked by the grand jury. There is nothing, in fact, but the bare assertion of the witness that, "I was told before I went in there [the grand jury room] I would have to answer all the questions," to suggest that he was "compelled" to do anything but make an appearance before the grand jury. Such an appearance by a witness before a grand jury in response to a subpoena does not constitute a violation of his constitutional right against self-incrimination even though he is later in-

---

clerk of the grand jury testified that she was aware that Pile had refused to sign the waiver but could not say whether she knew this as a fact before he gave any testimony.

3. The testimony of government counsel was that there was no occasion to ask Pile whether he was invoking the privilege because he did not refuse to answer any questions.

dicted by the same grand jury. O'Connell v. United States, 2 Cir., 1930, 40 F.2d 201, 205.

 The record shows that Pile was adequately informed of his rights under the Fifth Amendment and that there is no substance in his contention that he was threatened with a charge of perjury or in any other manner compelled to testify. In light of all the facts we hold that the trial court did not err in ruling that Pile waived his privilege against self-incrimination and in denying his motion to dismiss.

Both appellants complain of a "substantial" variance between the allegations of the indictment and the evidence in this case. The allegations of the indictment were that stolen goods in the possession of the appellants were a part of an interstate shipment of freight shipped by "Hiram Walker Distilleries" to "Ohio Department of Liquor Control" via the "Hall Freight Lines." The evidence shows that the shipment was via "Hall Freight Lines, Inc." from "Hiram Walker & Sons, Inc." to the "State of Ohio Dept. of Liquor Control, Canton Storage Co."

 There is no merit in the contention that the above amounts to a fatal variance. The allegations naming the consignor and consignee in the indictment under 18 U.S.C.A. § 659 are surplusage, Goldstein v. United States, 9 Cir., 1934, 73 F.2d 804, 808; and the fact that the carrier may have been a corporation does not make the indictment defective. Miller v. United States, 8 Cir., 1924, 295 F. 602, 605; Morris v. United States, 8 Cir., 1916, 229 F. 516, 520. Moreover, a variance is not material unless "it is of such a substantive character as to mislead the accused in preparing his defense or place him in second jeopardy for the same offense." United States v. Rosenblum, 7 Cir., 1949, 176 F.2d 321, 324, certiorari denied 338 U.S. 893, 70 S.Ct. 239, 94 L.Ed. 548. It could hardly be contended that the accused were so misled or that they could possibly be placed in double jeopardy by the variances indicated. We hold that the dis-

trict court did not err in denying the joint motion of appellants for acquittal.

The judgment of the trial court is

Affirmed.