**Homer Richard CLINTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17105.**

United States Court of Appeals Fifth Circuit.

Nov. 19, 1958.

Homer Richard Clinton, in pro. per.

William B. West, III, U. S. Atty., Heard L. Floore, U. S. Atty., Cavett S. Binion, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of appellant's motion to vacate a sentence to life imprisonment following his conviction under the Federal kidnapping statute, 18 U.S.C.A. § 1201(a). The ground for the motion to vacate is that the indictment on which appellant was tried and convicted failed to allege all the ingredients of the crime as set out in the statute. The indictment was in the following language:

"did unlawfully and knowingly transport in interstate commerce from Oklahoma City, Oklahoma, to Fort Worth, Texas, in the Fort Worth Division of the Northern District of Texas, a person, to wit, one Charles R. Questa, who had theretofore been unlawfully kidnapped and carried away by the said defendants and held."

The statute under which appellant was charged and convicted reads:

"(a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." 18 U.S.C.A. § 1201 (a).

Appellant complains that, although he was charged with unlawfully kidnapping and holding the victim, he was not charged with holding him "for ransom or reward." The statute does not make this an ingredient of the crime. It requires only that the person charged with transportation be shown to have "unlawfully * * * kidnaped * * * or carried away and held for ransom or reward *or otherwise*" the victim. An allegation that appellant unlawfully and knowingly transported in interstate commerce the victim who had theretofore been unlawfully kidnapped and carried away by the said defendants and held is entirely adequate to withstand this motion. It is difficult to see how the addition of the words "for ransom or reward or otherwise" would have added anything to the indictment because obviously "otherwise" comprehends any purpose at all. If appellant desired to know more of the purpose the government intended to prove for his unlawful holding, he could have made a proper motion before trial to that end. His failure to do so waived his right to raise the point after conviction. Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Knight v. United States, 8 Cir., 137 F.2d 940.

The judgment is affirmed.