**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Diane VARNER, Defendant-Appellant.**

**Nos. 13006, 13088.**

United States Court of Appeals
Seventh Circuit.

Nov. 17, 1960.

Rehearing Denied Jan. 3, 1961.

Doris A. Coonrod, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, SCHNACKENBERG and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Defendant was charged by indictment with the violation of Title 18 U.S.C. § 1201, commonly known as the Kidnaping Statute. A trial was had by jury, which resulted in a verdict of guilty. On January 15, 1960, judgment was entered thereon and defendant sentenced to imprisonment for a term of fifteen years. (We are advised by government's brief that in a subsequent proceeding had under Title 18 U.S.C. § 4208, the sentence was reduced to five years.) From this judgment defendant appeals.

Defendant attacked the sufficiency of the indictment by a motion to dismiss, which was denied. Defendant also moved for a judgment of acquittal, at the conclusion of the government's case and at the conclusion of the entire case, both motions on the ground that the proof was not sufficient to sustain the charge as made. These motions were also denied. The court also denied defendant's motion in arrest of judgment and for a new trial.

The statutory provision upon which the indictment was predicated provides, so far as here material, "Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away *and held for ransom or reward or otherwise* [italics ours] * * *." Then follows the punishment to be imposed, depending upon the circumstances set forth, which is not material to the questions for decision.

The indictment charges in substance that on or about November 18, 1959, defendant did transport in interstate commerce from Chicago, Illinois, to Gary, Indiana, James Lloyd Vickers, who had been unlawfully seized, kidnaped, abducted, and carried away, *"and held for reward or other reasons* [italics ours]."

We are of the view that only two questions need be considered on this appeal: (1) was the indictment sufficient to withstand a motion to dismiss? and (2) if that question be answered in the affirmative, did the court err in its denial of the motion for judgment of acquittal?

In the view which we take of the issues for decision, there is no occasion to more than briefly state the facts. Marilyn Vickers, mother of the alleged kidnaped child, engaged the defendant as a baby sitter, in which capacity she had previously served. On October 18, 1959, the mother left the baby with defendant in a room at the Wabash Hotel in Chicago. The defendant during that evening took the baby to the Stanley Hotel, Gary, Indiana, where on the next day the baby was apprehended by an agent of the Federal Bureau of Investigation, taken into custody and returned to the mother. The record reveals a dispute as to the purpose of the baby's transportation from Chicago to Gary. The mother testified that she told defendant not to take the baby from the Chicago hotel. Defendant testified that when the baby was left with her she told the mother that she could not sit long because she was going to Gary that night, and that the baby's mother said she was having a hard time supporting the baby, that her husband had deserted them and did not contribute to their support, and that she suggested that defendant take the baby with her to Gary for a few days. This conflict in the testimony presented an issue of fact for the jury, if the case was properly submitted.

The government in rebuttal offered testimony that defendant at the time of her arrest stated "that she would like to have a baby, that she could not have one of her own, and that she would give a million dollars for a baby." The government in its brief appears to recognize that the only reason for the alleged kidnaping, transportation and holding was defendant's maternal instinct and desire to have a child of her own.

█ Now returning to the issue as to the sufficiency of the indictment, the statute, as noted, provides, "and hold for ransom or reward or otherwise." The indictment alleges, "and hold for reward or other reasons." The government contends that "or other reasons" is synonymous with the statutory language "or otherwise." We see no occasion to quibble about this deviation from the statutory language. The fact is that neither these statutory words nor those used in the indictment, standing alone, carry any meaning. The government goes so far as to contend that the allegation, "for reward or other reasons," is not essential to the charge of kidnaping and subsequent interstate transportation of the victim. It asserts, "The indictment phrase is surplusage." Referring to the statute, the government states, "It applies to kidnaping for any reason or purpose," and, referring to Congress, states, "It intended to prohibit totally and completely the transportation of kidnaped persons in interstate commerce." Thus, the government would render meaningless, in fact eliminate, the statutory phrase, "and hold for ransom or reward or otherwise."

We can think of no sound reason for the conclusion that Congress in drafting the statute included these words without purpose. That they were deliberately included is emphasized by the fact that the original Act, enacted June 22, 1932, employed the words, "held for ransom or reward." The Act was amended May 18, 1934, by adding the words, "or otherwise." Obviously, if the government's position is sound, Congress could have accomplished the same purpose and defined the same offense by omitting the words, "and held for ransom or reward or otherwise." In our view, the words under discussion are an essential part of the offense described by Congress.

██ In Chatwin v. United States, 326 U.S. 455, 459, 66 S.Ct. 233, 235, 90 L.Ed. 198 the court in considering the statute here involved stated, "The Act by its own terms contemplates that the kidnaped victim shall have been (1) 'unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever' and (2) 'held for ransom or reward or otherwise.'" Obviously, the words "ransom or reward" convey a well established meaning and, in our view, an indictment which alleges that the victim was held either for ransom or reward, or both, is suffi-

cient. It is equally obvious that the words, "or otherwise," standing alone, are meaningless and, in our view, if relied upon by the government, the indictment must allege the reason for the holding such as will bring it within those words.

Of the many cases called to our attention, we find none which supports the government's contention that the statutory words in question may be treated as surplusage. Neither do we find any case which has sustained an indictment absent an allegation that the holding was for "ransom or reward" or an allegation that the holding was for a reason included in the words "or otherwise." Where such an allegation was made, the courts, under a variety of circumstances, have sustained the sufficiency of the proof.

The government relies strongly upon Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522. That case holds that the words, "or otherwise," are sufficiently comprehensive to include reasons for the holding of a kidnaped person other than for ransom or reward. It does not hold, however, that an indictment is sufficient absent an allegation of a reason within the meaning of "or otherwise." In fact, the indictment in that case (297 U.S. at page 125, 56 S.Ct. at page 395) alleged that the reason for the transportation in interstate commerce was to prevent the defendant's arrest.

The government also relies upon United States v. Dressler, 7 Cir., 112 F.2d 972 (a decision of this court). The case is of no benefit to the government; in fact, it points in the opposite direction. There, the sufficiency of the indictment was under attack. This court stated (at page 974), "By the terms of the act the victim must be held 'for ransom or re-

ward or otherwise.' " The indictment alleged in substance that the defendant kidnaped the victim, taking possession and control of his automobile by intimidation, providing defendant with the means of transportation to escape from an official of Oklahoma. This court, citing the Gooch case, held that the indictment sufficiently alleged that the victim was held for a purpose within the meaning of the phrase, "or otherwise."

In United States v. Bazzell, 7 Cir., 187 F.2d 878 (a decision of this court), it was alleged that the kidnaped person was transported in interstate commerce and held "for the purpose of placing her in a house of prostitution." This court stated (at page 882), " * * * before a defendant may be convicted under the statute in question, there must be an unlawful seizure, a holding for a specific purpose, and an interstate transportation of the victim, * * *." We held that the proof was sufficient to support the allegation as to the purpose of the holding.

As previously noted, the indictment alleged, "and held for reward or other reasons." In our view, the words, "or other reasons," are, standing alone, meaningless and may be treated as surplusage. It is also our view, and we so hold, that the allegation, "and held for reward," is sufficient within the terms of the statute to state an offense. This holding, however, is of little comfort to the government because admittedly there was no proof in support of the allegation that the baby was held for reward. We hold, therefore, that the court erred in denying defendant's motion for a judgment of acquittal.

The judgment is reversed and the cause remanded, with directions that a judgment be entered consistent with this conclusion.