Homer R. CLINTON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6728.

United States Court of Appeals
Tenth Circuit.

June 23, 1961.

Stow L. Witwer, Jr., Boulder, Colo., for appellant.

Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for United States.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The petitioner, Clinton, and another were charged by indictment returned on November 4, 1953, in the United States District Court for the Northern District of Texas with having unlawfully and knowingly transported in interstate commerce from Oklahoma City, Oklahoma, to Fort Worth, Texas, Charles R. Questa, who had theretofore been unlawfully kidnaped by them. Thereafter, in December, 1953, petitioner was tried, convicted, and sentenced to imprisonment for the period of the rest of his natural life. On December 10, 1957, he filed a motion under 28 U.S.C.A. § 2255 to vacate the sentence on the ground the indictment failed to charge an offense. The sentencing court entered its order denying the motion. On appeal, that order was affirmed. See Clinton v. United States, 5 Cir., 260 F.2d 824, certiorari denied 359 U.S. 948, 79 S.Ct. 731, 3 L.Ed.2d 681, rehearing denied 359 U.S. 981, 79 S.Ct. 899, 3 L.Ed. 2d 931. In 1959, Clinton filed another motion to vacate the sentence, which the sentencing court denied, and also refused to grant leave to Clinton to appeal therefrom in forma pauperis. In 1961, Clinton filed his application for a writ of habeas corpus ad prosequendum in the United States District Court for the Western District of Oklahoma. From a denial of that application, Clinton has appealed.

The alleged ground for the writ applied for was that the actual kidnaping occurred in Oklahoma and that Clinton should have been prosecuted in Oklahoma, rather than in the Northern District of Texas. The gist of the offense is the unlawful transportation in interstate commerce and under 18 U.S.C.A. § 3237 Clinton could be tried in any district from, through, or into which he trans-

ported the kidnaped person in interstate commerce.

And, of course, he could not by the writ applied for, affect his sentence in the Texas Federal Court, nor cause his trial for the kidnaping offense in the Western District of Oklahoma, wherein no charge for such offense was pending against him.

Affirmed.