Everette Thompson DAWSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 17402.

United States Court of Appeals
Ninth Circuit.

June 24, 1961.

William O. Hogan, San Diego, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Ernest A. Long, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Petitioner sought and obtained from this court an order to show cause why a writ of habeas corpus should not be issue in his favor. He had been convicted in the District Court in and for the Southern District of California, Southern Division, of the crime of kidnapping. 18 U.S.C. § 1201. His sentence was delayed so that he could make this application.

Section 1201 reads, in material part, as follows:

"Whoever knowingly transports in * * * foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away *and held for ransom or reward or otherwise* * * * shall be punished * * *." etc. (Emphasis added.)

No issue is here made of sufficiency of the evidence to support petitioner's conviction, or any other error of law allegedly occurring in the trial, for such matters can be reached by appeal.

Petitioner here alleges the invalidity of his confinement because the indictment presented against him by the Grand Jury on the kidnapping charge was fatally defective in that it does not allege a kidnapping or transportation *"for a purpose."* (Emphasis by petitioner.)

Petitioner was indicted as follows:

"The Grand Jury charges:

"On or about April 2, 1961, defendant Everette Thompson Dawson did knowingly transport in foreign commerce, namely, from Tijuana, Baja California, Mexico, to San Diego, California, within the Southern Division of the Southern District of California, one Rosalind

Elaine Aquino, age 5, whom he had unlawfully seized, inveigled, decoyed, kidnapped, abducted, and carried away from the Caliente Race Track, and thereafter had unlawfully held."

Petitioner relies primarily on four cases: United States v. Varner, 7 Cir., 1960, 283 F.2d 900, 903; Chatwin v. United States, 1946, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198; Williams v. United States, 9 Cir., 1959, 265 F.2d 214; and People v. Oliver, 55 Cal.2d ——, 12 Cal.Rptr. 865, 361 P. 2d 593 (decided May 8, 1961).

In Varner, supra, the indictment read "and held for reward or other reasons," with no detail as to what such reasons were.

We point out that the Varner case, supra, held the allegation "or other reasons" carried no meaning in the absence of detail, and was surplusage, and that the same views were held with respect to the statutory language "held for * * * reward *or otherwise.*" (Emphasis added.) Nevertheless, the form of the indictment was held sufficient to state an offense—it was because of lack of proof of reward that the case was reversed.

■ We do not agree with some of the reasoning in Varner. We believe the phrase "or otherwise" was added by the Congress to the existing statute in 1937 for a purpose and with a meaning. We prefer the interpretation of other circuits.

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

\* \* \* \* \* \*

"The sufficiency of the indictment should be judged by practical, and not by technical, considerations." Hewitt v. United States, 8 Cir., 1940, 110 F.2d 1 at pages 5–6, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409, and see cases cited Id., note 2 at page 6 of 110 F.2d.

We distinguish Chatwin v. United States, supra, on its facts. We rely on the Hewitt case cited, Gooch v. United States, 1936, 297 U.S. 124, 128, 56 S.Ct. 395, 80 L.Ed. 522 (with its reference to the legislative history of the "or otherwise" amendment); Clinton v. United States, 5 Cir., 1958, 260 F.2d 824, 825, certiorari denied 359 U.S. 948, 79 S.Ct. 731, 3 L.Ed.2d 931; and Knight v. United States, 8 Cir., 1943, 137 F.2d 940.

We find Williams v. United States, supra, to be totally inapposite here.

We find that People v. Oliver, supra, contains much good law and sound common sense with which we do not disagree, but its holding applies to the *evidence heard* and *instructions given* at a trial on a kidnapping charge, not to the sufficiency of the indictment.

■ Furthermore, the point urged, even if meritorious, could not be raised by a petition for a writ of habeas corpus, but only on appeal. Goto v. Lane, 1924, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Barnes v. Hunter, 10 Cir., 1951, 188 F.2d 86, 88.

The order to show cause is discharged; the petition for a writ of habeas corpus is denied.