UNITED STATES of America,
Plaintiff-Appellee,

v.

George Edward BENTLEY, Defendant-
Appellant.

No. 14897.

United States Court of Appeals
Sixth Circuit.

Nov. 8, 1962.

---

C. M. Diamond, Asst. U. S. Atty., Cleveland, Ohio (Merle M. McCurdy, U. S. Atty., Cleveland, Ohio on the brief), for appellee.

Irwin Barnett, Cleveland, Ohio (John R. Jewitt, Jr., Cleveland, Ohio, on the brief), for appellant.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and DARR, Senior District Judge.

McALLISTER, Circuit Judge.

On appeal from a conviction on the charge of kidnapping, George Edward Bentley claims that the indictment did not sufficiently charge the crime for which he was tried. This contention is based on the fact that the indictment, following the language of the statute, set forth that Bentley and another "did knowingly transport in interstate commerce" Dorothy Maxine Stancil and Sandra Goslin, "who had been unlawfully seized, kidnapped, confined, and carried away, and held for ransom or reward, or otherwise, and the said" Dorothy Maxine Stancil and Sandra Goslin "had not been liberated unharmed, but had been beaten, bruised and injured, in violation of Section 1201, Title 18, United States Code."

Appellant challenges his conviction upon an indictment that charged him with holding the victims for "ransom or reward, *or otherwise*," when the evidence related solely to a purpose other than ransom or reward; and he contends that the indictment must state the motive or reason of the accused for committing the act of kidnapping if the government intends to prove its case under the term, "otherwise."

The background of the Federal Kidnapping Statute, and its amendatory provisions containing the term, "otherwise," together with relevant legislative history, is found in Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L. Ed. 522.

There is a division of authority as to whether an indictment for kidnapping need contain any details of purpose or motive.

We are of the opinion that such an indictment need not contain any details of purpose or motive, and that it is sufficient if it charges such purpose or motive to be for "ransom, or reward, or otherwise." In support of this view, see Hayes v. United States, 296 F.2d 657 (C.A.8); Dawson v. United States, 292 F.2d 365 (C.A.9); Clinton v. United States, 260 F.2d 824 (C.A.5) cert. den. 359 U.S. 948, 79 S.Ct. 731, 3 L.Ed.2d 681; Knight v. United States, 137 F.2d 940 (C.A.8). See contra, United States v. Varner, 283 F.2d 900 (C.A.7).

If appellant had desired information as to the specific motive or purpose claimed in the kidnapping indictment, he

could have secured it by asking for a Bill of Particulars, as did his co-defendant in requesting the government to set forth the meaning of "otherwise," as authorized by Rule 7(f) of the Federal Rules of Criminal Procedure.

In accordance with the foregoing, the judgment of the District Court is affirmed.