**UNITED STATES of America,**
**Plaintiff,**

v.

**William Dean ATCHISON,**
**Defendant.**

**Crim. No. 74–80–E.**

United States District Court,
E. D. Illinois.

March 17, 1975.

Henry Schwarz, U.S. Atty., Jack Strellis, Joel V. Merkel, Asst. U.S. Attys., East St. Louis, Ill., for plaintiff.

Robert J. Hillebrand, East St. Louis, Ill., for defendant.

## ORDER

FOREMAN, District Judge:

Atchison was indicted for willfully and knowingly transporting Kimberly Gossett in interstate commerce, after she had been unlawfully seized, confined, inveigled, decoyed, kidnapped, carried away and held by Atchison "for ransom, reward or otherwise" from July 7, 1974 until September 19, 1974 in violation of 18 U.S.C. § 1201.

The Government's evidence adduced at trial clearly demonstrated that Atchison had kidnapped the young girl and transported her in interstate commerce, as charged in the indictment. There was, however, no evidence that he had ever requested a ransom or reward. On the contrary, his reason for kidnapping Kimberly Gossett apparently was to extricate the young girl from an environment that the defendant felt was unfit.

Defendant filed a motion for a judgment of acquittal at the close of the evidence presented by the Government. The Court took that motion under advisement and subsequently the defendant renewed the motion at the close of all the evidence. He also filed another motion for judgment of acquittal or for new trial. He claims that if the Government seeks to rely upon the words "or otherwise" it must specifically allege the reasons that constituted his motive. He contends that because the indictment did not specify these reasons, the defendant could only be convicted for holding the young girl for ransom or reward. He does not contend, and indeed could not contend, that his activities would not be punishable under this statute pursuant to a properly drafted indictment. See United States v. Healy, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1963); Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522 (1936). On the contrary, defendant's argument appears to be that the evidence at trial did not conform to the indictment.

Defendant places primary reliance upon United States v. Varner, 283 F.2d 900 (7th Cir. 1960). In that decision, the court held that where a defendant was charged with kidnapping a victim for "ransom, reward, or otherwise", the words "or otherwise" standing alone were meaningless and if the Government intended to rely upon those other reasons, then the indictment had to allege those reasons for holding the victim. In addition, that court held where a defendant is charged with kidnapping for "ransom, reward, or otherwise" and the Government fails to prove that the defendant held the victim for ransom or reward, that the defendant's motion for a judgment of acquittal should be granted.

Normally where the Seventh Circuit has rendered a decision so directly on point, there would be no need for this Court to consider the matter further. Nevertheless in this instance there are

substantial reasons to believe that if the Seventh Circuit were confronted with the same issue today, that court would decide the question differently.

The Seventh Circuit was the first court to decide this precise question. Subsequent to the *Varner* decision in 1960, three other circuits have faced the identical issue and each time the respective court considered *Varner* but chose not to follow that decision. Hall v. United States, 410 F.2d 653 (4th Cir. 1969), cert. denied 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436; Loux v. United States, 389 F.2d 911 (9th Cir. 1968), cert. denied 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135; United States v. Bentley, 310 F.2d 685 (6th Cir. 1962), cert. denied 372 U.S. 946, 83 S.Ct. 941, 9 L.Ed.2d 271, reh. denied 373 U.S. 954, 83 S.Ct. 1682, 10 L.Ed.2d 708. Some courts have held that it is not even necessary to allege in the indictment the reasons for the kidnapping. See Gawne v. United States, 409 F.2d 1399 (3rd Cir. 1968), cert. denied 397 U.S. 943, 90 S.Ct. 956, 25 L.Ed.2d 123; United States v. Martell, 335 F.2d 764 (4th Cir. 1964); Hayes v. United States, 296 F.2d 657 (8th Cir. 1961), cert. denied 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85.

 Moreover, Rule 7(c), Federal Rules of Criminal Procedure ended the rules of technical and formalized pleading which had characterized an earlier era. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). In construing the wording of an indictment, common sense and reasoning should prevail over technicalities. Belvin v. United States, 273 F.2d 583 (5th Cir. 1960); United States v. Boisvert, 187 F.Supp. 781 (D.R.I.1960). The sufficiency of the indictment is to be determined by practical rather than technical considerations. United States ex rel. Harris v. State of Illinois, 457 F.2d 191 (7th Cir. 1972), cert. denied 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106. Convictions should not be reversed because of minor and technical deficiencies in the indictment which do not prejudice the defendant. *Russell, supra*; United

States v. Dreer, 457 F.2d 31 (3rd Cir. 1972).

 In addition, the basic rationale of *Varner* appears to be that that indictment did not provide the defendant with sufficient notice of the charge to prepare an adequate defense or to protect against the possibility of double jeopardy. Those reasons are not applicable in the case at bar. The defendant had adequate notice of the charge. The indictment named the victim who had been kidnapped and also contained the dates during which the defendant held her. At the time of the arraignment, this Court entered a sweeping Order for Pretrial Discovery and Inspection. Pursuant to this order, the Government asserts that its entire file was made available to counsel for defendant. The Government also alleges and the counsel for the defendant does not dispute that the defendant's attorney and the attorney for the Government had numerous discussions regarding this case and during these discussions the attorney for the Government revealed that the Government intended to prove that the purpose of the kidnapping was to extricate the victim from an environment the defendant felt was unfit and to take the victim as his own child. The Attorney for the Government also contends that he gave the defense counsel copies of FBI reports without regard to the discoverable nature of those reports. Because of all these factors, defendant clearly had sufficient notice of the charge to prepare an adequate defense. If the defendant still were unsure about which purpose the Government intended to prove, the proper procedure would have been to file a motion for a bill of particulars.

Moreover, the indictment in conjunction with the trial transcript would certainly protect defendant from any possible dangers of double jeopardy.

 In addition, Rule 52(a), Federal Rules of Criminal Procedure, provides in pertinent part, "any error, defect, irregularity or variance which does not affect substantial rights shall be dis-

regarded." Since defendant was adequately informed of the charge by the indictment and the conferences between his attorney and the attorney for the Government, he was not deprived of any substantial rights. A variance between the indictment and the evidence is not material unless it is of such a substantive character as to mislead the accused in preparing his defense or to place him in second jeopardy for the same offense. United States v. Pile, 256 F.2d 954 (7th Cir. 1958).

Thus, with some reluctance this Court feels compelled to conclude that the Court of Appeals for the Seventh Circuit would not decide the issue in the case at bar in the same manner as in *Varner*.

The other grounds listed in the various motions for judgment of acquittal or for new trial are without merit.

Accordingly, the motions for judgment of acquittal or for a new trial are hereby denied.