**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Dean ATCHISON,
Defendant-Appellant.**

No. 75–1251.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1975.

Decided Oct. 24, 1975.

Robert J. Hillebrand, E. St. Louis, Ill., for defendant-appellant.

Henry A. Schwarz, U.S. Atty., Jack Strellis and Joel V. Merkel, Asst. U.S. Attys., E. St. Louis, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and CAMPBELL,* Senior District Judge.

HASTINGS, Senior Circuit Judge.

Defendant, William Dean Atchison, after a trial by jury, was convicted of kidnaping Kimberly Gossett in violation of 18 U.S.C. § 1201,[1] the Federal Kidnaping Act. He was sentenced to six years' imprisonment. Defendant appeals from the judgment of conviction, charging er-

ror in the trial court's denial of his motions for judgment of acquittal and for arrest of judgment.[2] Defendant contends that a variance between the charge in the indictment and the proof at trial requires a judgment of acquittal under this court's decision in *United States v. Varner*, 7 Cir., 283 F.2d 900 (1960).

Defendant was convicted on the following facts. On July 7, 1974, he had taken five-year-old Kimberly Gossett, with the consent of her babysitter, for an outing at Forest Hills Lake in Illinois. At the end of the day, Atchison did not return the child to her babysitter. Instead, he transported her to Dallas, Texas. For two months he lived with the child in Dallas, then in New Orleans, Louisiana, and finally in Houston, Texas, where he was arrested by federal agents on September 19, 1974. During this time, the child was not intentionally mistreated, although Atchison apparently worked only intermittently and had some difficulty providing for himself and the child.

The language of the indictment upon which he was tried charged that the child was held "for ransom, reward and otherwise." At trial there was no evidence that Atchison had ever requested any ransom or reward for the child's return. Evidence established instead that his action was motivated by concern for the child's well-being and a belief that she was being mistreated by her parents. Defendant asserts that the reason for the kidnaping which was proved at trial is not the reason which was charged in the indictment and that this variance requires his acquittal.

This court has so held under quite similar facts in *United States v. Varner*,

* Senior District Judge William J. Campbell of the United States District Court for the Northern District of Illinois is sitting by designation.

1. 18 U.S.C. § 1201(a), as amended in 1972, provides:

"Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when:

(1) the person is willfully transported in interstate or foreign commerce * * * shall be punished by imprisonment for any term of years or for life."

2. *United States v. Atchison*, E.D.Ill., 390 F.Supp. 539 (1975).

*supra.* In that case, the defendant was convicted of kidnaping the child for whom she was babysitting and transporting him from Chicago, Illinois, to Gary, Indiana. The defendant never requested ransom or reward; the only motivation suggested by the Government's evidence was her maternal instinct and desire for a child of her own. The indictment charged her with holding the child "for reward or other reasons." The court held that the words "or other reasons" were meaningless and that the indictment was sufficient only to charge the defendant with kidnaping for ransom or reward. Since the Government did not prove that any ransom or reward was requested, the variance between the proof and the indictment was held to be fatal and to require that a defense motion for judgment of acquittal be granted. The court further held that where the Government intends to prove some purpose for the kidnaping other than ransom or reward, that purpose must be specifically set forth in the indictment.

The facts of this case fall squarely within our holding in *United States v. Varner,* and our continued adherence to that decision would require us to overturn defendant's conviction. The trial court, though fully aware of *Varner,* denied defendant's motion for judgment of acquittal, concluding that this court would no longer follow that decision. *United States v. Atchison,* E.D.Ill., 390 F.Supp. 539, 541 (1975). Upon reconsideration, we find that our decision in *Varner* is now inconsistent with subsequent decisions of the Supreme Court and of this circuit, and with established law in the other circuits.

No other circuit has followed our decision in *United States v. Varner*; indeed, several courts have expressly rejected *Varner.* These courts have consistently held that an indictment need not contain details of purpose and that *evidence* showing some purpose other than ransom or reward is sufficient under an indictment charging kidnaping "for ransom, reward or otherwise." *Hall v. United States,* 4 Cir., 410 F.2d 653, 659,

*cert. denied,* 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); *Loux v. United States,* 9 Cir., 389 F.2d 911, 916, *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968); *United States v. Bentley,* 6 Cir., 310 F.2d 685 (1962), *cert. denied,* 372 U.S. 946, 83 S.Ct. 941, 9 L.Ed.2d 971 (1963). See also *Hayes v. United States,* 8 Cir., 296 F.2d 657, 667 (1961), *cert. denied,* 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1962).

The Supreme Court has held that a kidnaping within the meaning of the statute need not be for pecuniary benefit nor for an illegal purpose. *Gooch v. United States,* 297 U.S. 124, 128, 56 S.Ct. 395, 80 L.Ed. 522 (1936); *United States v. Healy,* 376 U.S. 75, 82, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964).

The Court in *Gooch v. United States, supra,* relied on the legislative history behind the 1934 amendment to the kidnaping statute, which added the words "or otherwise" to the previous phrase, "held for ransom or reward," citing the following language: ". . . The object of the addition of the word 'otherwise' is to extend the jurisdiction of this act to persons who have been kidnaped and held, not only for reward, but for any other reason. . . . S.Rep. 534, 73d Cong., 2d Sess., March 22, 1934." 297 U.S. at 127, n. 1, 56 S.Ct. at 396. See also H.Rep. 1457, 73d Cong., 2d Sess., May 3, 1934. *Id.* at 128. The Court concluded that holding and transporting a police officer in order to escape arrest was kidnaping within the meaning of the statute.

In *United States v. Healy, supra,* the Supreme Court rejected the argument that the object of the kidnaping, if not pecuniary gain, must at least be illegal. That case involved an indictment charging the defendants with kidnaping the pilot of a private airplane and forcing the pilot to transport them to Cuba. The Court held that the defendants' action constituted kidnaping under the statute without regard to the legality of their ultimate purpose. The Court pointed to the statute's exception for parent-

child kidnaping and noted that the exception would be superfluous if the statute were intended to distinguish between legal and illegal purposes. The Court concluded: "[W]e find no compelling correlation between the propriety of the ultimate purpose sought to be furthered by a kidnaping and the undesirability of the act of kidnaping itself." 376 U.S. at 82, 84 S.Ct. at 557.[3]

The Supreme Court's decisions have consistently been read to permit a prosecution for kidnaping regardless of the defendant's purpose. *United States v. Martell*, 4 Cir., 335 F.2d 764, 766 (1964); *Clinton v. United States*, 5 Cir., 260 F.2d 824, 825 (1958), *cert. denied*, 359 U.S. 948, 79 S.Ct. 731, 3 L.Ed.2d 681 (1959); *Hayes v. United States*, 8 Cir., 296 F.2d at 667; *Gawne v. United States*, 9 Cir., 409 F.2d 1399, 1403 (1969), *cert. denied*, 397 U.S. 943, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970);[4] *DeHerrera v. United States*, 10 Cir., 339 F.2d 587, 588 (1964). See also *United States v. Parker*, 3 Cir., 103 F.2d 857, 861, *cert. denied*, 307 U.S. 642, 59 S.Ct. 1044, 83 L.Ed. 1522 (1939). Moreover, an indictment has been held to be sufficient where no purpose whatsoever has been charged. *Clinton v. United States, supra; United States v. Martell, supra; Hayes v. United States, supra.*

▇▇▇ In determining the sufficiency of an indictment, "minor or technical de-

ficiencies" no longer require reversal; courts look instead to whether the substantial rights of the defendant have been prejudiced by the omission or error. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Smith v. United States*, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959); *United States v. De Stefano*, 7 Cir., 476 F.2d 324, 328 (1973); *cf.* Federal Rules of Criminal Procedure, 18 U.S.C., Rule 52(a). The same standards apply in determining whether a variance between the charge in the indictment and the proof at trial requires reversal. *United States ex rel. Harris v. State of Illinois*, 7 Cir., 457 F.2d 191, 197, *cert. denied*, 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972). An indictment is sufficient if (1) it states the essential facts underlying each element of the offense charged, (2) it informs the defendant of the offense charged with sufficient clarity to enable him to prepare his defense, and (3) it provides adequate protection against a second prosecution for the same offense. If the language of the indictment meets these requirements, then a slight variance between the indictment and the proof at trial is considered nonprejudicial.

▇▇▇ Under these standards the indictment in the instant case contained an adequate allegation of the purpose proved at trial. Since it now appears to

---

**3.** In both *Varner* and *Healy,* as well as in the instant appeal, the defendants relied on the principle of strict construction of penal statutes. In comment upon this principle in *Healy,* Mr. Justice Harlan, speaking for a unanimous Court, said:

> "[T]hat maxim is hardly a directive to this Court to invent distinctions neither reflective of the policy behind congressional enactments nor intimated by the words used to implement the legislative goal." 376 U.S. at 82, 84 S.Ct. at 557.

**4.** Judge Browning's opinion for the Ninth Circuit in *Gawne* exemplifies the prevailing construction of the kidnaping statute. On the basis of the language of the statute, its legislative history, and its interpretation in decisions of the Supreme Court and lower courts, he concludes:

> "There is nothing in the legislative history to contradict the unqualified assertions of the committee reports that the language ['or otherwise'] was intended to mean 'any other reason.' . . . This does not mean that the phrase 'held for ransom or reward or otherwise,' is surplusage. The word to be emphasized is 'held,' for 'involuntariness of seizure and detention * * * is the very essence of the crime of kidnaping.' *Chatwin v. United States*, 326 U.S. 455, 464, 66 S.Ct. 233, 237, 90 L.Ed. 198 (1946). Thus the true elements of the offense are an unlawful seizure and holding, followed by interstate transportation." 409 F.2d at 1403.

Judge Browning also notes that circuit's disapproval of our holding in *Varner,* citing *Loux v. United States,* 389 F.2d at 916, and *Dawson v. United States,* 9 Cir., 292 F.2d 365, 366 (1961).

be well settled that purpose is not an element of the offense of kidnaping and need not be charged or proved to support a conviction under the kidnaping statute, a defect in the indictment's allegation of purpose is collateral in nature. A nonspecific allegation of purpose does not expose the defendant to the risk of a second prosecution for the same kidnaping, where the indictment clearly identifies the essential times, places and persons involved.

The subject indictment did not prejudice the defendant in the preparation of his defense. The indictment was not misleading, and the defendant knew prior to trial that the Government intended to prove a purpose for the kidnaping other than ransom or reward.[5] Moreover, a defense based on proof or disproof of a particular purpose for the kidnaping would not affect any of the essential elements of the Government's case against the defendant. If the defendant required more information on this collateral matter, a bill of particulars could have been requested. *Cf. United States v. Bentley*, 310 F.2d at 685. Clearly, no interest sought to be protected by the indictment requirement was prejudiced by the nonspecific allegation in the indictment of the purpose proved at trial.

In light of the foregoing, we feel compelled to overrule our prior decision in *United States v. Varner*, 7 Cir., 283 F.2d 900 (1960), as a valid and binding precedent of this circuit.

We hold that the district court did not err in denying defendant's motions for judgment of acquittal and for arrest of judgment. The judgment of conviction is affirmed.[6]

Affirmed.

**5.** Judge Foreman noted in his opinion and order below:

"At the time of the arraignment, this Court entered a sweeping Order for Pretrial Discovery and Inspection. Pursuant to this order, the Government asserts that its entire file was made available to counsel for defendant. The Government also alleges and the counsel for the defendant does not dispute that the defendant's attorney and the attorney for the Government had numerous discussions regarding this case and during these discussions the attorney for the Government revealed that the Government intended to prove that the purpose of the kidnapping was to extricate the victim from an environment the defendant felt was unfit and to take the victim as his own child." *United States v. Atchison*, 390 F.Supp. at 541.

**6.** This opinion has been circulated among all judges of this court in regular active service and no judge has voted that the matter of overruling *United States v. Varner*, 7 Cir., 283 F.2d 900 (1960), be reheard *en banc*.