Eric **TURNER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. CIV. A. 3:01–CV–04.**

United States District Court,
N.D. West Virginia,
Martinsburg.

Feb. 21, 2001.

Eric Michael Turner, Beaumont, TX, Pro se.

Thomas O. Mucklow, Asst. U.S. Atty., Martinsburg, WV, for Respondent.

### *ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*

BROADWATER, District Judge.

For the reasons set forth below, the Court **DENIES** petitioner's petition for a writ of habeas corpus and **DISMISSES** this matter from the active docket of this Court.

1. On 11 January 2001, Petitioner filed a Petition under 18 U.S.C. § 2255 for habeas corpus.[1] Two grounds were alleged: 1) That the indictment in the underlying case was defective in that it did not charge an offense under the laws of the United States; and 2) Ineffective assistance of counsel at his trial.

2. 18 U.S.C. § 2255 provides for a one-year statute of limitations from the date on which the conviction becomes final. This has been interpreted by the Fourth Circuit to be the date on which the direct appeal is denied, or the date when the United States Supreme Court denies the Petition for the Writ of Certiorari.[2] The Petitioner has complied with this requirement, as his Petition for the Writ of Certiorari was denied on April 10, 2000,[3] and this Petition was

---

1. Doc. # 1.

2. See *United States v. Torres,* 211 F.3d 836, 839 (4th Cir.2000).

3. 529 U.S. 1061, 120 S.Ct. 1573, 146 L.Ed.2d 475 (2000).

filed on January 11, 2001[4] As such, the Petition is within the time limitation and the Court does have jurisdiction to review this matter.

■ 3. For two reasons, Petitioner's first ground is without merit. Petitioner complains that the sections of the statutes that list the statutory penalties are not cited in the indictment. First, defects in an indictment are not cognizable in a habeas corpus proceeding. Any complaints as to errors, omissions, or other problems with the indictment as it is returned by the Grand Jury must be made at trial or on direct appeal.[5]

■ Second, assuming that the Court could reach the merits of the Petitioner's claim, the Court finds that the indictment was proper. "An indictment meets the guarantees of the Fifth and Sixth Amendments if it . . . contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. . . ." [6] Further, an "[e]rror in the citation or its omission shall not be ground . . . for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." [7]

The indictment in the underlying case [8] clearly meets these requirements. Petitioner did not assert at any time during his criminal case that he was uncertain of either the offense charged or what the elements of that offense were. Clearly, he and his counsel were on notice as to the offense to which he would defend and what the United States would be required to prove. Even though the indictment omitted the penalty sections, this missing code citation could not have mislead the Defendant to his prejudice.

Petitioner also claims that the Instructions of Law to the Jury were defective, as they were based on the code sections of the Indictment. As has been previously discussed above, the Indictment was legally proper, and as such, its use in formulating the Jury Instructions is also proper.

As a result, Petitioner's first claim cannot be sustained as a matter of law.

■ 4. Petitioner has not established that his counsel was ineffective under the standards set forth in *Strickland v. Washington.* [9] It is the burden of the Petitioner to show both that counsel's performance was deficient, and that the deficient performance resulted in prejudice to the defense.[10]

Petitioner fails to meet either of these requirements. As a matter of law, Petitioner states no legal claim that the performance of his counsel was deficient.

The contention that Petitioner was not advised of his right to testify is unsupported by the record,[11] and Petitioner brings no evidence to otherwise support this statement. The trial record clearly reveals that the Court advised the Defendant of his right to either testify or to remain

---

4. Doc. # 1.

5. *Dawson v. U.S.*, 292 F.2d 365, 366 (9th Cir., 1961) (Sufficiency of indictment under which petitioner had been charged . . . could not be raised by a petition for habeas corpus, but only by an appeal.); see also *U.S. v. Lawrenson*, 210 F.Supp. 422, 428 (D.Md.1962) affirmed 315 F.2d .612, certiorari denied 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 ("The validity or sufficiency of an indictment which has not been challenged at the trial is not subject to collateral attack by habeas corpus or under 28 U.S.C. § 2255 except under exceptional circumstances, such as where the court which tried the case had no jurisdiction.").

6. *U.S. v. Wicks*, 187 F.3d 426, 427 (4th Cir., 1999) citing *Hamling v. U.S.*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

7. Fed.R.Crim.Pro. 7(c)(3).

8. 3:97–CR–20–1

9. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

10. *Id* at 687, 104 S.Ct. 2052.

11. Trial Transcript, Vol VI., p. 65–66, Lines 22–4.

silent, and that the Jury would be instructed accordingly.[12]

██ The claim that counsel failed to object to alleged unlawful jury instructions is without merit, as the jury instructions were legally proper, as discussed above.[13] Petitioner's claim that counsel failed to investigate the possibility of dismissing the indictment fails, as counsel has a wide latitude to exercise his professional judgment in matters of strategy and law.[14]

Without any showing of either unprofessional errors or prejudice, the Petitioner's claim must fail. Even if the above claims were to be considered errors, they cannot be considered to be "so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." [15] Petitioner is required to show prejudice resulting from the alleged errors, specifically, that but for counsel's errors, the outcome would have been different.[16]

The Court notes that Petitioner's trial counsel, Stephen D. Herndon, has an extensive record of appearance before the various courts of the State of West Virginia, including appearances before the Fourth Circuit, the District Court for the Northern District of West Virginia, and the West Virginia Supreme Court. This establishes that Herndon has, with his numerous prior representations, a record of competence before this and other Courts.

Consequently, Petitioner's claim of ineffective assistance of counsel fails, as there is no showing of any legal deficiency or prejudice to Petitioner therefrom.

Therefore, for the above stated reasons, the Court **DISMISSES** the current petition and **ORDERS** this matter stricken from the active docket of this Court.

---

12. *Id.*

13. See # 3, *supra.*

14. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

15. *Id* at 687, 104 S.Ct. 2052.

16. *Id* at 693, 104 S.Ct. 2052.