■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS GREER, Appellant.— Judgment of conviction modified on the facts and in the exercise of discretion, pursuant to section 453 of the Code of Criminal Procedure by reducing the term of imprisonment to the period already served and as modified affirmed. Memorandum: In our opinion and in the exercise of a proper discretion, on the facts here presented the judgment should be modified as herein provided. All concur. (Appeal from a judgment of Onondaga County Court convicting defendant of the crime of violation of section 1851 of the Penal Law.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS BERMAN, Appellant, against WILLIAM G. MARSDEN, as Superintendent of the Onondaga County Penitentiary, Respondent.— Order reversed on the law and facts, without cost of this appeal to either party, writ sustained, and relator discharged from custody. Memorandum: Upon a plea of guilty to violation of an ordinance of the City of Syracuse (ch. 31-a, § 2) relating to the licensing of secondhand dealers the relator, on May 14, 1955 was sentenced to the Onondaga County Penitentiary for a term of 150 days. Execution of sentence was suspended and the relator was placed on probation for one year. Whether the court had authority to impose the conditions which it did, it is not necessary to decide. Nor is it necessary to make a determination as to whether the terms of the probation were violated. On October 4, 1955, the relator was charged with violation of probation. Instead of conducting a prompt hearing on these charges, the matter was adjourned from time to time until March 6, 1957 at which time, after a hearing, probation was revoked and the sentence of 150 days put into effect. It thus appears that suspension of the execution of sentence was revoked, subsequent to the expiration of the maximum sentence and subsequent to the expiration of the probation of one year. The court was without jurisdiction to so proceed "unless the defendant shall have been convicted of another crime committed during such period." (Code Crim. Pro., § 470-a.) There was no such other conviction. We are unable to agree with the Special Term that the relator was estopped in any way from relying on said section 470-a. The proceedings of the court were under the control and direction of the Judge. All concur. (Appeal from an order of Onondaga Special Term dismissing a writ of habeas corpus and remanding relator to the custody of the superintendent of Onondaga Penitentiary.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ CITY BANK FARMERS TRUST COMPANY, as Trustee under Deeds of Trust Made by WILLIAM W. ASTOR and Others, and as Trustee under the Will of WALDORF ASTOR, Deceased, Respondent, v. THOMAS FERRARA et al., Appellants.— Order entered March 13, 1957, amended by adding the words "to the appellants" after the words "ten dollars costs and disbursements". Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ. [See *ante*, p. 252.]