STATE OF CONNECTICUT *v.* ALPHONSE TIRELLA

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 31, 1959

*David Berdon,* of Hartford, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, then age forty-seven, in October, 1947, pleaded guilty to the charge of failure to keep a record of the sale of a pistol or revolver, in violation of what is now § 29-31 of the General Statutes. The penalty for a violation of this statute was a fine of not more than $500 or imprisonment for not more than three years, or both. § 29-37. A sentence of not less than two nor more than three years was imposed. The defendant did not commence to serve his sentence until June 10, 1959, because an appeal to the Supreme Court of Errors was pending.

The board has reviewed the transcript of the proceedings at the time of sentence as well as the probation report and the record of the defendant, and considered the statements of both the defendant and the state's attorney. The defendant's record discloses numerous minor offenses, a suspended sentence for showing obscene pictures and a sentence in 1945 of not less than two nor more than five years in state prison for assault with intent to kill.

The circumstance which makes most difficult the determination of the proper sentence in this case and the one which very obviously played a substantial factor in the opinion of the sentencing judge was that the gun, the sale of which was not properly recorded, was allegedly one sold to Culombe, presently under sentence for first degree murder. If any illegal or wrongful act of the defendant in any way contributed to the perpetration of an unlawful homicide, that would be a factor of great significance. It appears, however, that that is not the situation here, nor is it claimed by the state. Nor did the fault of the defendant with respect to the records in any way impede the investigating authorities in the course of their work. The offense of the defendant lay not in failing to keep any record of the sale of the gun but in failing to keep that record in a book kept for that purpose in a form prescribed by the commissioner of state police and in specified detail.

In light of these circumstances it is the opinion of this board that the sentence as imposed carries a greater minimum than the offense as perpetrated requires and that, having in mind the prior record of the defendant and the intent and purpose of the statute, the sentence should be modified to a term of not less than one nor more than three years in state prison.

Accordingly, it is hereby ordered that the sentence of not less than two nor more than three years in prison should be modified and that the defendant be resentenced by the Superior Court to a term of not less than one nor more than three years in state prison.

House, Loiselle and Devlin, Js., participated in this decision.