JjDUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Edward Dilks, with carjacking, in violation of LSA-R.S. 14:64.2. The matter proceeded to trial before a twelve person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the court sentenced the defendant to four years imprisonment at hard labor. The defendant now appeals.

FACTS

On the evening of August 23,1998, Trina Henderson and her aunt, Donna North, went to the Spur gas station and convenience store located at Jamie Boulevard and Highway 90 in Avondale. At the time, Ms. Henderson was driving, with permission, a green Ford pickup truck owned by her boyfriend. As they pulled into the Spur station, both ladies noticed a man sitting on the curb. Ms. Henderson left the truck running and went into the store, while Ms. North remained in the truck. A few seconds later the man who had been sitting on the curb, jumped into the driver’s seat of the truck. When Ms. North asked, “What are you doing?” the man replied, [¿‘This,” and threw the truck in reverse. Ms. North leaped out of the truck while it was moving, then rushed into the store, and asked for someone to call 911.
John Pirritano, a friend of Ms. North’s, was inside the convenience store and heard what had happened. Mr. Pirritano and a friend got into Pirritano’s 'truck and chased the truck on Highway 90 as it headed toward the Huey P. Long Bridge. The pursuit ended when the man drove the truck into a ditch near Bayou Segnette. Mr. Pirritano detained the man until the police arrived a short while later.
Deputy Anthony Bua of the Jefferson Parish Sheriffs Office responded to the 911 call. When he arrived at the Spur convenience store, Ms. North related what had happened. A few minutes later, Deputy Bua was advised that Mr. Pirritano had detained the suspect. Officer Bua went to that location and placed the individual, subsequently identified as the defendant, under arrest.
Both at the scene of the stop and at trial, Ms. North positively identified the defendant as the person who had driven away with the truck. Likewise, Ms. Henderson identified the defendant as the man she and Ms. North had seen sitting on the curb. In addition, Mr. Pirritano identified the defendant as the man he apprehended after the chase, and Deputy Bua identified the defendant as the man he had arrested.
At trial, the defendant offered a different version of events. He denied that he took the track that day and claimed that he was elsewhere at the time the offense was committed. According to the defendant, on August 23, 1998, he rode to the Westbank with a friend who dropped him off on Lapalco Boulevard. The defendant then walked to a catfish pond, | «where he asked the owner, Carol Rudolph, if she could take him back to New Orleans. Mrs. Rudolph testified that the defendant was at her catfish pond at around noon that day and that he asked for a ride to Avondale. Mrs. Rudolph testified that she called a taxi for the defendant, but that he had left by the time the taxi arrived.
The defendant said he left because it started to rain, and he decided to hitchhike. According to the defendant, John Pirritano and another man picked him up in a truck. The defendant testified that after riding with the two men for about fifteen minutes, one of the men asked how much money he had. The defendant said that, after he told them he had $6.00, the driver sped up and the two men became agitated. Finally, the driver stopped the truck and the defendant got out. The *320 defendant claimed that, after the driver pulled over, both men beat him and robbed him of some money.
Deputy Bua had testified earlier that the defendant did not have any injuries other than a few abrasions on his elbows. The officer also testified that the defendant had not reported the robbery, nor had he made any accusations against John Pirritano. When confronted on cross-examination with the officer’s testimony, the defendant claimed that he had told Deputy Bua about the robbery when he was fingerprinted.
The defendant also gave conflicting testimony when the prosecutor asked his whereabouts from noon until 7:30 p.m. on August 23,1998. First, the defendant said that he was with Pirritano and the other man in the truck until 7:30 p.m. He then said that he was in the back of a police car from the time he was robbed and beaten until 7:30 p.m. When the prosecutor showed him photographs that were taken of him at the scene, [¿the defendant admitted that no blood or injuries were visible.

ANDERS APPEAL

Defense counsel has filed an Anders brief asserting that there are no nonfrivo-lous ’issues which arguably support the appeal and requesting that she be allowed to withdraw. To support her assertion that there are no nonfrivolous issues, defense counsel noted several potential issues in the record and then discussed why she considered the arguments to be without substance. Defense counsel then requested that this court review the entire record for errors patent.
Defense counsel has complied with all the requirements necessary to file a brief of this nature. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh’g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990); and State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
We have conducted an extensive independent review of the record and find no nonfrivolous issues which would arguably support an appeal. We have also conducted an error patent review pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reflects that the defendant’s sentence is illegally lenient because the trial judge failed to impose the sentence without benefit of parole, probation or suspension of sentence as required by LSA-R.S. 14:64.2(B). Under the law in effect at the time that the defendant was sentenced, this court is precluded from correcting the illegally lenient sentence since the state failed to properly preserve the error for appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Harrell, 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231.
We also note that the trial judge did not advise the defendant of the period within which to file a post-conviction relief application as set forth in LSA-930.8. Accordingly, we instruct the trial judge to inform the defendant of the provisions of this article by sending appropriate written notice to the defendant within ten days of this opinion and to file written proof that the defendant received such notice. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the reasons set forth herein, we affirm the defendant’s conviction and sentence and remand the matter for further action in accordance with this opinion. Defense counsel’s request to withdraw is granted.

CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.