PITMAN, J.
|!Defendant, Johnathan C. Thomas, was convicted of armed robbery after a jury trial. He was subsequently sentenced to 26 years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant appealed and the conviction was affirmed; however, the sentence was vacated and the matter remanded for resentencing. Defendant was resentenced to 24 years at hard labor without benefit of probation, parole or suspension of sentence. Defendant has appealed his sentence. For the reasons stated herein, Defendant’s sentence is affirmed.

FACTS

The underlying facts of this case were set forth in the previous appeal. State v. Thomas, 46,887 (La.App.2d Cir.1/25/12), 90 So.3d 9. Defendant attacked a defenseless victim from behind with repeated blows to the head with a rock in order to rob him and steal his truck. This court found that *642 Defendant’s sentence of 26 years at hard labor without the benefit of parole, probation or suspension of sentence for armed robbery was not unconstitutionally excessive. The matter, however, was remanded for resentencing with instructions to the trial court to order a presentence investigation and to impose an appropriate sentence within the statutory range because the trial court had considered Defendant’s refusal to enter a plea agreement as an aggravating factor when it rendered the sentence. This purported justification for sentencing amounted to the imposition of a penalty for exercising the right to trial by jury.
A presentence investigation report was prepared and a sentencing hearing was held on April 20, 2012. The trial judge stated that he had taken |2into consideration the information provided in the pre-sentence investigation and determined that Defendant’s previous sentence was appropriate. Defendant spoke at the hearing and asked the judge to show lenience in light of various mitigating factors, including his young age at the time of the offense, the fact that he did not have an extensive criminal record, that he had turned himself in to authorities and that he had entered rehabilitation programs while incarcerated. Defendant also claimed he was unaware of the true terms of the plea agreement offered to him. The trial court affirmed the sentence of 26 years at hard labor without the benefit of probation, parole or suspension of sentence.
On May 3, 2012, Defendant filed a Motion to Reconsider Resentencing and alleged that the trial court had failed to give adequate consideration to relevant mitigating circumstances. That same day, a hearing was held at which the trial judge indicated that statements made by Defendant at the earlier hearing had prompted him to reconsider the sentencing matter.
The trial judge was particularly concerned that Defendant had suggested that he was unaware of a plea agreement prior to electing to go to trial. However, after discussion of the plea agreement, and being convinced that Defendant was aware of a plea offer, the trial judge addressed each issue raised in Defendant’s Motion to Reconsider Resentencing.
The mitigating factors raised in the motion included Defendant’s relatively young age and lack of criminal history. The judge stated that he had made reference to Defendant’s criminal history and had noted that it |swas minor, with one conviction. The presentence investigation, however, showed other criminal activity of which the trial court was unaware. The trial judge, therefore, reiterated that he had noted Defendant’s criminal history when making his decision on the sentence to be imposed.
The trial judge also noted that Defendant had not turned himself in to the authorities and that there were no notes on whether or not the court had considered that fact as a mitigating factor. The trial judge stated that Defendant had presented no mitigating factors at the earlier sentencing hearing. The trial judge also stated that he specifically recalled that Defendant had failed to express any remorse or accept any responsibility for his actions prior to sentencing. The trial judge considered that Defendant claimed he was under the influence of drugs and alcohol and that that issue had already been referenced by the Second Circuit Court of Appeal. The trial judge accepted Defendant’s statement that he had obtained his GED during the period of his incarceration.
The trial judge restated the various aggravating factors he had considered when imposing the original sentence of 26 years and noted that, at the original sentencing *643 hearing, he was unaware of the pending charges against Defendant for aggravated battery and arson. The trial judge indicated that he believed the earlier imposed 26-year sentence was appropriate. After considering the totality of the circumstances, however, he decided to reduce the sentence to 24 years at hard labor without the benefit of probation, parole or suspension of sentence.
|40n May 9, 2012, Defendant filed both a pro se Motion for Appeal and Appointment of Counsel, as well as a Motion to Reconsider Sentence, alleging some of the same mitigating factors presented in the previously filed Motion to Reconsider Resen-tencing.

DISCUSSION

Assignment of Error Number One (verbatim): The District Court erred, as a matter of law, in denying defendant’s motion to reconsider resentencing and motion to reconsider sentence and rendering an excessive sentence in this case.
The offense of armed robbery carries a sentencing range of not less than 10 years and not more than 99 years, without benefit of parole, probation or suspension of sentence. La. R.S. 14:64(B).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that *644 discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir. 11/28/04), 865 So.2d 280, unit denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
In State v. Thomas, supra, this court examined the 26-year sentence previously imposed in this case and found it proper, stating as follows:
In the case sub judice, Defendant’s claim that his sentence was constitutionally excessive is simply not borne out by the record before us. As noted above, the sentencing range for armed robbery is 10 to 99 years at hard labor without benefits. The sentence imposed, 26 years, falls on the low end of the sentencing range. When Defendant’s unconscionable conduct, including his surprise attack on a defenseless victim and repeated blows to the victim’s head with a rock, is viewed in light of the harm done to society, Defendant’s sentence does not shock the sense of justice, other than perhaps in its leniency. The sentence is neither grossly out of proportion to the seriousness of the offense, nor is it nothing more than a purposeless and needless infliction of pain and suffering. 90 So.3d at 13.
After the remand from this court and following its instructions, the trial court ordered the presentence investigation and resentenced Defendant. In so doing, the trial judge took into consideration the allegations of Defendant raised in the Motion to Reconsider Sentence and the Motion to Reconsider Resentencing and clearly articulated his reasons for reducing the sentence from 26 years to 24 years. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La. C. Cr. P. art. 894.1.
We find that the sentence now imposed upon Defendant is neither grossly out of proportion to the seriousness of the offense, nor a purposeless and needless infliction of pain and suffering and does not shock the sense of justice.

^CONCLUSION

For the foregoing reasons, the sentence of Defendant, Johnathan C. Thomas, is affirmed.
AFFIRMED.